# EXHIBIT A

**STATE OF MICHIGAN**
**IN THE 9th CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO**
330 Eleanor Street,
Kalamazoo, MI 49001
(269) 383-8837

| | |
|---|---|
| KATHLEEN SCHMITT,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, a North Carolina corporation,<br><br>Defendant. | Case No.: 2024-0251-CB<br><br>Hon. Curtis J. Bell |
| Aric D. Kasel (P84713)<br>Willis Law<br>Attorneys for Plaintiff<br>491 W. South Street<br>Kalamazoo, MI 49007<br>(269) 492-1040 | |

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

**VERIFIED COMPLAINT FOR**
**CONVERSION AND UNJUST ENRICHMENT**

NOW COMES Plaintiff, Kathleen Schmitt, by and through her attorneys, WILLIS LAW, and for her Complaint for Statutory Conversion, Common Law Conversion and Unjust Enrichment states as follows:

**JURISDICTION**

1. Plaintiff, Kathleen Schmitt, is an individual with the address of 461 Valley View Ave, P.O. Box 390 Tonopah, NV 89049.

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

2. Defendant, Bank of America, is a North Carolina corporation with a registered office located at 100 North Tryon Street, Charlotte, NC 28255 (hereinafter, "BOA").
3. Jurisdiction is proper in this Court pursuant to MCL § 600.605 because the amount in controversy is greater than $25,000.00, exclusive of interest, costs, and attorney fees.
4. Venue is proper pursuant to MCL § 600.1621 because Defendant conducts business in Kalamazoo County.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates paragraphs 1-4 by reference as if fully stated herein.
6. On or about August 25, 2022, Plaintiff initiated a wire transfer of $66,125.41 (the "Wired Funds") from her bank savings account ending in 1032 with Northpointe Bank, which is a Michigan corporation with a registered office located at 333 Deposition Drive NE, Grand Rapids, MI 49546 (hereinafter, "Northpointe"), in order to purchase real property located at 461 Valley View Avenue, Tonopah, NV 89049 (the "Property").
7. On or about August 24, 2022, Plaintiff received fraudulent wire instructions from an individual holding herself out to be the title company representative she had been working with through Netco, Inc. **See Exhibit 1**.
8. The fake wire instructions came from the email address: lmitchell.netcotitle@gmail.com.
9. As a result, on or about August 25, 2022, Plaintiff initiated a wire transfer in the amount of $66,125.41 (the "Wired Funds").

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

10. Due to the fraudulent wire instructions, the Wired Funds were sent from Northpointe to BOA in the amount of $66,125.41. **See Exhibit 2**.

11. As noted on Northpointe's wire transfer confirmation, the beneficiary information noted an individual named Melissa Laurent. **See Exhibit 2**.

12. After the transfer of the Wired Funds occurred, BOA's wire fraud department called Plaintiff to confirm the wire, whereby Plaintiff indicated such transfer was for the purchase of the Property.

13. BOA indicated to Plaintiff that the Wired Funds were being transferred to a newly created personal account, not toward purchasing the Property.

14. BOA informed Plaintiff that it would have Northpointe file a request for the money to be returned to Plaintiff.

15. As a result, on August 25, 2022, BOA canceled the transfer but retained possession of the Wired Funds.

16. Plaintiff proceeded to initiate another wire transfer five (5) days later on August 30, 2022, and successfully completed the purchase of the Property. **See Exhibit 3**.

17. As noted on Northpointe's wire transfer confirmation, the beneficiary information noted was Netco, Inc. Escrow Clearing Account. **See Exhibit 3**.

18. Between August 25, 2022, and September 1, 2022, Northpointe proceeded to send BOA at least four (4) requests to return the Wired Funds to Plaintiff.

19. Plaintiff made a fifth request to BOA for the return of the Wired Funds, but to no avail. **See Exhibit 4**.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

20. BOA continues to hold, and upon information and belief, benefit from, the Wired Funds.

21. BOA has since refused to release the Wired Funds unless Northpointe signs and executes a Hold Harmless Agreement absolving them of any liability or wrongdoing in this transaction.

22. Northpointe has, on numerous occasions, refused to comply with this request despite Plaintiff's willingness to indemnify and hold harmless Northpointe in return. **See Exhibit 5 and Exhibit 6.**

23. BOA has held firm to its refusal to release said funds unless Northpointe provides the executed Hold Harmless Agreement. **See Exhibit 7.**

24. BOA has no legal right to require the execution of said Hold Harmless Agreement in order for the Wired Funds to be returned to Plaintiff.

25. Despite repeated requests from Plaintiff, Northpointe and BOA's refusal to work together to return Plaintiff's money has left Plaintiff with no option but to file this action.

26. Upon information and belief, there is no applicable law or bank regulation that mandates the requirement that BOA obtain this Hold Harmless Agreement prior to the release of said funds.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

## COUNT I – CONVERSION UNDER THE U.C.C.

27. Plaintiff incorporates paragraphs 1-26 by reference.

28. Plaintiff was the owner of the Wired Funds sent to BOA.

29. The Wired Funds were transferred from Northpointe to BOA, placing physical possession of those funds with BOA.

30. Since BOA canceled the transaction because the individual named on the transaction was not an intended beneficiary of the Wired Funds, acceptance never occurred.

31. If no person has rights as beneficiary, acceptance of the order cannot occur. MCL § 440.4707(2)(b).

32. Acceptance occurs "[w]hen the bank pays the beneficiary[,]" according to MCL § 440.4905, "or notifies the beneficiary of receipt of the order or that the account of the beneficiary has been credited" concerning that order. MCL § 440.4709(2)(a)

33. Upon information and belief, BOA did not pay the beneficiary or notify the beneficiary of receipt or credit, as BOA canceled the transaction and retained control of the Wired Funds.

34. The settling party's "obligation . . . to pay its payment order is excused if the funds transfer is not completed by acceptance by the beneficiary's bank of a payment order instructing payment to the beneficiary of that sender's payment order." MCL § 440.4902(3).

35. Acceptance did not occur as neither Plaintiff nor Northpointe had an obligation to pay BOA or the imposter account.

36. If the sender of a payment order pays the order and was not obliged to pay all or part of the amount paid, the bank receiving payment is obliged to refund payment to the extent the sender was not obliged to pay." MCL § 440.4902(4).

37. BOA never accepted the funds.

38. BOA has failed to return the Wired Funds for 19 months.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

39. BOA established dominion and control over the funds by accepting the funds from Plaintiff and Northpointe without returning the money in its entirety.

40. By refusing to pay back the entirety of the Wired Funds to Plaintiff, BOA has deprived Plaintiff of her possession and use of the Wired Funds.

41. BOA's deprivation of the Wired Funds from Plaintiff has caused Plaintiff damages in the form of missed investment opportunity, lost profits, and other business-related detriments due to the BOA's conversion.

42. A person who has been damaged as a result of another person's stealing or converting property to the other person's use is entitled to recover three (3) times the amount of actual damages. MCL § 600.2919a(1).

43. Articles 3 and 4 of the U.C.C. do not displace a statutory conversion claim because there was no "clearly expressed legislative intent to repeal" the latter. *New Props., Inc. v. Newpower*, 2006 Mich. App. LEXIS 2668, 2006 WL 2632310, at *17 (Mich. App. Sept. 14, 2006).

44. Plaintiff is entitled to $198,376.23 from BOA, representing three times the amount of actual damages Plaintiff has suffered as a result of BOA's conversion of the $66,125.41 BOA has failed to pay back to Plaintiff.

45. Plaintiff is entitled to recover attorney fees pursuant to MCL § 600.2919a(1).

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant a judgement against Defendant BOA for treble damages in the amount of $198,376.23as a result of Defendant's conversion plus interest, costs, and attorneys' fees, and further order any additional relief appropriate under the circumstances.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

**COUNT II – COMMON LAW CONVERSION**
**(Bank of America)**

46. Plaintiff incorporates paragraphs 1-44 by reference.

47. Plaintiff owns or has the right to possess the Wired Funds.

48. BOA has intentionally interfered with Plaintiff's personal property in the form of the Wired Funds by exercising dominion and control over it.

49. BOA has refused to surrender the Wired Funds upon demand by Plaintiff.

50. BOA's interference has deprived Plaintiff of possession or use of the Wired Funds.

51. BOA's interference has caused damages to Plaintiff in the amount of $66,125.41 plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant BOA in an amount of $66,125.41, plus interest, costs, and attorneys' fees, and further order any additional relief appropriate under the circumstances.

**COUNT III – UNJUST ENRICHMENT**
**(Bank of America)**

52. Plaintiff incorporates paragraphs 1-50 by reference.

53. BOA received funds from Plaintiff in the amount of $66,125.41.

54. Despite repeated requests, Plaintiff has not received this money returned despite the $66,125.41 paid to BOA.

55. Plaintiff has not been reimbursed the full amount of the $66,125.41.

56. BOA continues to receive the benefit of the $66,125.41 to the detriment of Plaintiff.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

57. As a result of BOA's nonpayment of $66,125.41, Plaintiff has suffered further damages reasonably foreseeable to Defendant BOA, including but not limited to attorney fees and loss of use of the Wired Funds.

58. Because BOA has refused to pay the remaining balance owed to Plaintiff, BOA has been unjustly enriched in the amount of $66,125.41.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant BOA in an amount of $66,125.41, plus interest, costs, and attorneys' fees, and further order any additional relief appropriate under the circumstances.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

[SIGNATURE AND VERIFICATION PAGE FOLLOWS]

## VERIFICATION

I, Kathleen Schmitt, have read and made this Verified Complaint and attest that those facts stated of my own knowledge are true and those matters stated of which I have been informed I believe to be true after reasonable inquiry.

By: Ms. Schmitt (Apr 18, 2024 14:04 PDT)
Kathleen Schmitt

Respectfully submitted,

**WILLIS LAW**

Dated: 4/19/24

Aric D. Kasel (P84713)
Willis Law
Attorney for Plaintiff
491 W. South Street
Kalamazoo, MI 49007
(269) 492-1040

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

EXHIBIT
1

**Aric Kasel**

**From:** Lindsey Mitchell <lmitchell.netcotitle@gmail.com>
**Sent:** Wednesday, August 24, 2022 9:31 PM
**To:** Katie Schmitt
**Subject:** Re: NNV-1376354: 461 Valley View Avenue, Tonopah, NV 89049: Kathleen Schmitt and Raymond Schmitt: Est Settlement Statement
**Attachments:** Netco Wire - Wiring Instructions - NETCO-_protected.pdf

Enclosed is the encrypted wire instructions for your closing.
Please call our office tomorrow on (702) 983-9477 to verify instructions before sending funds.
John, my assistant, will be available to guide you through the wire process.

Lindsey Mitchell

Netco, Inc

6292 Spring Mountain Road, Ste 100
Las Vegas, NV 89146

On Wed, Aug 24, 2022 at 5:07 PM Katie Schmitt <kts102117@gmail.com> wrote:
Yes, I can wire tomorrow, my bank is on the east coast, so the earlier I get the instructions the better.

Thank you,
Katie Schmitt

On Aug 24, 2022, at 4:23 PM, Lindsey Mitchell wrote:

Katie,

Are you ready to sign now? I can send you all your closing papers in the morning via docusign if so.
Did you receive my previous email?
Please confirm you will be able to initiate your wire transfer tomorrow so I provide the wire instructions for your closing.

Lindsey Mitchell

Netco, Inc

6292 Spring Mountain Road, Ste 100
Las Vegas, NV 89146

ALTA Best Practices Certified - please visit http://www.netcotitle.com/alta-best-practices-certified/ for more information how we have satisfied a lender's responsibility to vet us for CFPB compliance.

On Wed, Aug 24, 2022 at 3:15 PM Lindsey Mitchell wrote:
Hi Katie,

Enclosed is the settlement statement for your closing.
Your cash to close is $66,125.41.

Please disregard the previous wire instructions shared, I have just been informed that it is currently being audited and unavailable to receive your closing balance.
In preparation for your closing on the 29th, we require you to wire your closing balance in order to avoid any delays in closing.
Funds are needed prior to closing to ensure a smooth disbursement on closing day.

Please confirm you will be able to complete the wire transfer tomorrow so I provide the wire instructions for closing.

Lindsey Mitchell

Netco, Inc

6292 Spring Mountain Road, Ste 100
Las Vegas, NV 89146

ALTA Best Practices Certified - please visit http://www.netcotitle.com/alta-best-practices-certified/ for more information how we have satisfied a lender's responsibility to vet us for CFPB compliance.

EXHIBIT
2

# Northpointe Bank Outgoing Wire Transfer Request

**A. Originator Information** **Date**: 08/25/2022

Name: Kathleen Schmitt Phone: 775-813-0403
Address: 2510 Severn Dr Account Number: 49021032
Reno NV 89503

**B: Call Back Details**

Request: ☐ In Person ☒ Phone ☐ Email ☐ Fax ☐ Mail Request Taken By: MF
Call Back (for email, fax and mail): Date: Time: Initials: _______ Call Back Exempt ☐
Customer Verified by:

**C. Transfer Information**

| | | | |
|---|---|---|---|
| Amount of Wire: | $ 66,125.41 | Debit Account: 49021032 | |
| Wire Fee: | $ 25.00 | ☒ Collected Funds | Initials **MF** |
| Total Amount of Debit: | $ 66,150.41 | ☐ Memo Post | Initials _____ |

**D. Receiving Bank Information (Bank to Credit)**

Name: Bank of America
Bank 9 Digit Routing/ABA: 026009593 Reason for Wire: Property Purchase

**E. Intermediary Bank Information (If Applicable – For Banks without Capabilities to Receive Directly.)**

Name:
Address:
Bank 9 Digit Routing/ ABA:

**F. Beneficiary Information (Customer to Credit)**

Name: Melissa Laurent
Address:

Credit Account Number: 483096577009
Additional Information: File # NNV-1376354

**G. Authorization Signatures**

_______________________________ Customer Signature Exempt ☐
Customer Signature

EXHIBIT
3

# Northpointe Bank Outgoing Wire Transfer Request

## A. Originator Information

**Date:** 8.30.22

Name: Kathleen Schmitt
Address: 2510 Severn Dr
Reno NV 89503

Phone: (775) 813-0403
Account Number: 29058650

## B: Call Back Details

Request: ☐ In Person ☒ Phone ☐ Email ☐ Fax ☐ Mail    Request Taken By: nsd

Call Back (for email, fax and mail): Date: Time: Initials: ______ Call Back Exempt ☐

Customer Verified by:

## C. Transfer Information

Amount of Wire: $ 66,125.41
Wire Fee: $ 25.00
Total Amount of Debit: $ 66,150.41

Debit Account: 29058650
☒ Collected Funds Initials **nsd**
☐ Memo Post Initials _____

## D. Receiving Bank Information (Bank to Credit)

Name: Bank United
Bank 9 Digit Routing/ABA: 267090594

Reason for Wire: Property Purchase

## E. Intermediary Bank Information (If Applicable – For Banks without Capabilities to Receive Directly.)

Name:
Address:
Bank 9 Digit Routing/ ABA:

## F. Beneficiary Information (Customer to Credit)

Name: Netco, Inc. Escrow Clearing Account
Address:

Credit Account Number: 9855152613
Additional Information: File # NNV-1376354 461 Associated Property Valley View Ave , Tonopah, NV 89049

## G. Authorization Signatures

______________________________
Customer Signature

Customer Signature Exempt ☐

EXHIBIT
4

**Aric Kasel**

**From:** Katie Schmitt <kts102117@gmail.com>
**Sent:** Tuesday, April 18, 2023 8:45 PM
**To:** mitigation.support.hhl@bankofamerica.com
**Subject:** IMAD # for this fourth request is 20220901GMQFMP01003008

To whom it may concern,

My name is Kathleen Schmitt, in August 2022 I sent a wire from Nationpoint Bank to Bank of America to purchase a home. I received a call that same evening from your wire fraud department to confirm the wire. I told her that I was sending the money to purchase a home. The Bank of America employee told me that this was a new personal account so it is not going toward a home purchase. She proceeded to tell me that she is going to reject the wire and close the account. I needed to call my bank and tell them to file a request for the money to come back to me. I did that and my Bank (Northpointe Bank) sent 4 requests, after the fourth request they were told they needed to sign a form stating that Bank of America was not at fault and that it was their fault. Since it was not their fault they were not willing to sign the form.
My question is what can I do to get the money refunded? Can I sign a form stating that I don't hold Bank of America responsible as long as my money is returned to me?

Thank you for your assistance in this matter,
Kathleen Schmitt

- Wire Transaction Requests to retrieve funds (4)
  - Confirmation IMAD # for this first request to return is: 20220826GMQFMP01007111 on 08.25.22
  - Confirmation IMAD # for this second request is: 20220829GMQFMP01003160 on 08.29.22
  - Confirmation IMAD # for this third request is 20220831GMQFMP01003743 on 08.31.22
  - Confirmation IMAD # for this fourth request is 20220901GMQFMP01003008 on 09.01.22

EXHIBIT
tabbles
5

**Aric Kasel**

**From:** Jason Johnson <Jason.Johnson@northpointe.com>
**Sent:** Thursday, August 17, 2023 8:57 AM
**To:** Aric Kasel
**Cc:** Bill Clancy
**Subject:** FDIC Complaint - Schmitt
**Attachments:** 2023-06-16 Schmitt FDIC Response FINAL.pdf

**Categories:** Red Category

Dear Mr. Kasel,
I have received your letter of August 9, 2023. I am providing you a copy of the response Northpointe Bank submitted to the FDIC complaint filed by your client, Kathleen Schmidt.
As we advised your client in responding to the FDIC, Northpointe Bank cannot execute Bank of America's hold harmless agreement. However, if Bank of America wishes to review any of your client's Northpointe Bank account records as part of their evaluation, those can be shared upon your client's execution of a written privacy release authorization. Thank you.

**Jason W. Johnson**
*VP, General Counsel*
jason.johnson@northpointe.com

3333 Deposit Dr NE, Grand Rapids MI 49546 northpointe.com

Northpointe Bank Member FDIC

**Disclaimer**

This message (including any attachments) contains confidential information for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message. Any disclosure, copying, or distribution of this message, or the taking of any action based on it, by other than the intended recipient, is strictly prohibited. Northpointe Bank is a member FDIC and an Equal Housing Lender.

EXHIBIT
6

Northpointe Bank

June 16, 2023

Kathleen Schmitt
2510 Severn Dr
Reno, NV 89503

Re: FDIC Complaint #01589893

Dear Ms. Schmitt:

We have received your complaint to the FDIC concerning your Northpointe Bank ("Northpointe") savings account. In your complaint, you expressed concerns that Northpointe is unwilling to work with you regarding recovery of funds wired to Bank of America in a wire transfer transaction that you authorized on August 25, 2022 and that you wished to recall after completion. We take all complaints from our customers very seriously and we welcome this opportunity to respond to and address your concerns.

Our records indicate that you authorized this wire transfer transaction both verbally and in writing on August 25, 2022. On August 26, 2022, after the wire had been sent the day prior, you contacted us to advise that the recipient you asked Northpointe to wire the funds to was invalid and asked to revoke/reclaim the wired funds. Wire transfers are similar to "cash payments" in that once sent, reclamation is not guaranteed.

As Northpointe management previously communicated to you via email, Northpointe sent Bank of America four (4) requests to reclaim the wired funds on August 26, 29 and 31, 2022 and September 1, 2022.. Bank of America ignored Northpointe's first three requests, but finally responded to the fourth request advising they would only begin further investigation upon Northpointe's execution of a Hold Harmless Agreement prepared by Bank of America. Northpointe does not execute Hold Harmless or indemnification agreements proffered by other financial institutions as a matter of standard procedure. Such agreements, including the agreement proposed by Bank of America, create potential financial liability for this transaction for Northpointe. Our review indicates that Northpointe adhered to all of its internal policy and procedure as well as industry standard best practices in originating the wire you requested and in attempting to assist you in revocation of the transaction.

Thank you for bringing your concerns to our attention. We appreciate your business as a Northpointe Bank customer, and we look forward to continuing to serve your banking needs.

Respectfully,

NORTHPOINTE BANK

*Jason W. Johnson*

Jason W. Johnson
Vice-President/General Counsel

cc: FDIC (via FDIC Connect, w/enclosures)

EXHIBIT
7

**BANK OF AMERICA**

NC1-007-58-16
100 N. Tryon St.
Charlotte, NC 28255-0001

Complaint Response

**Date:** September 12, 2023

**Case Number:**
**230816CR1030134**



ARIC D KASEL
WILLIS LAW
491 WEST SOUTH STREET
KALAMAZOO, MI 49007

Client name: Kathleen Schmitt
Correspondence received from: Executive on: 08/16/2023

Aric D. Kasel:

## I've carefully reviewed your correspondence and want to let you know our response.

We understand that you represent Kathleen Schmitt, a customer of Northpointe Bank. Ms. Schmitt is not a customer of Bank of America. We understand that Ms. Schmitt sent a wire transfer to an account at Bank of America and is requesting that the funds be returned to Northpointe Bank. Bank of America previously advised that to return the funds, we need a Hold Harmless agreement which is a typical practice amongst banks to return funds. We decline your offer to enter into an agreement with your client. We responded to this request and enclosed is a copy of this communication.

### Here's our response

We also communicated our response to Northpoint Bank, advising that they need to send a Hold Harmless Agreement to our mitigation support team so that we can open a claim and review the matter.

At Bank of America, keeping information secure and confidential is one of our most important responsibilities. Please understand that our privacy policy does not allow us to disclose any details about accounts at Bank of America that you do not own. Our records do not reflect that you are an authorized signer on the Bank of America account that is referenced in your inquiry. As such, we are unable to release any account information to you.

### We're here to help

We understand this may not be the result you were hoping for, but I hope it's clear how we reached this decision. Our clients are important to us and we appreciate the opportunity to address your client's concerns. If there's anything else you need, please call me at 877.430.1431, extension 437947, Monday through Friday, 8:00 a.m. to 4:00 p.m. Central.

Rojuline Dixon
Resolution Specialist
Regulatory Complaints

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

BANK OF AMERICA

ARIC D KASEL
WILLIS LAW
491 WEST SOUTH STREET
KALAMAZOO, MI 49007

**PACKAGE_1 of 1**

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT<br>9th JUDICIAL CIRCUIT<br>COUNTY | | 2024 0251 CB |

**Court address**
330 Eleanor St., Kalamazoo, MI 49007

Curtis J. Bell

**Court telephone no.**
269-383-8837

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| Kathleen Schmitt | v | Bank of America, a North Carolina Corp.<br>100 North Tryon St.<br>Charlotte, NC 28255 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Aric D. Kasel (P84713)<br>Willis Law<br>491 W. South Street, Kalamazoo, MI 49007<br>269-492-1040 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| APR 2 4 2024 | JUL 24 2024 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.